NOT DESIGNATED FOR PUBLICATION

Nos. 128,137
128,138

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEONARD LEE FORNOFF,
*Appellant*.


MEMORANDUM OPINION


Appeal from Bourbon District Court; MARK ALAN WARD, judge. Submitted without oral argument. Opinion filed July 31, 2026. Appeal dismissed.


*Merideth J. Hogan*, of Kansas Appellate Defender Office, for appellant.


*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before MALONE, P.J., ATCHESON, J., and MICHAEL B. BUSER, retired Court of Appeals Judge, assigned.


PER CURIAM: After the district court revoked Leonard Lee Fornoff's probations in two criminal cases, the defendant docketed an out-of-time appeal with our court. Upon receipt of the appeal, our court remanded the case to the district court to conduct a hearing according to *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). After considering evidence presented at the hearing, the district court denied Fornoff's motion to file an untimely appeal, ruling that it was untimely because none of the *Ortiz*

exceptions applied. Fornoff now appeals the district court's ruling and, for the first time, claims the district court erred in the calculation of his jail time credit. We dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2022, Fornoff plead guilty in two cases to two counts of unlawful cultivation or distribution of a controlled substance. In exchange for his guilty pleas, the State dismissed the remaining counts in those cases and seven other cases. In November 2022, the district court sentenced Fornoff to 68 months in prison in each case to run consecutive for a controlling sentence of 136 months. The district court then suspended that sentence, imposing 36 months of probation. The district court advised Fornoff that, given the departure sentences, his first violation could result in revocation of probation.

In July 2023, the State moved to revoke Fornoff's probation. The motion alleged that Fornoff failed to report to Community Corrections as directed on seven occasions from February to April 2023. The State also alleged Fornoff admitted to using methamphetamine three times in April and May 2023 for which he served jail sanctions in each instance. Finally, the motion alleged that Fornoff was admitted to an addiction treatment center in May 2023 but left against medical advice in June 2023.

In August 2023, a probation revocation hearing was held. Both the State and Fornoff's probation officer, Ruth McCall, recommended revocation of Fornoff's probation and imposition of the controlling sentence. Fornoff did not testify but his attorney, Terra Tecchio-Baseley, argued for his probation to be extended because "addiction, especially something like methamphetamine, is very hard to overcome." The district court revoked probation in both cases.

2

After imposing the underlying consecutive sentences, the district court informed Fornoff:

> "In both of those cases, Leonard, you have a right to appeal the revocation of your probation and disposition, provided you file a notice of appeal within 14 days from today's date. If you cannot afford an attorney, the Court will appoint an attorney to assist you in that appeal."

About one year later, on August 8, 2024, Fornoff filed a motion for appeal and request for appointment of counsel in the district court. The district court promptly appointed appellate counsel. After consolidating the two cases, our court ordered the parties to show why the appeal should not be dismissed because it was untimely filed.

After receiving the parties' responses, our court remanded the case for a hearing to determine whether exceptions to the 14-day notice of appeal requirement articulated in *Ortiz* applied. Relevant to this appeal the order stated: "If Appellant pursues an appeal after an adverse decision from the remand, the only appealable issue is whether the district court erred in determining that the *Ortiz* exceptions did not apply." Additionally, the order provided that if Fornoff appealed an adverse ruling and our court found no error, the appeal would be dismissed for lack of jurisdiction. However, if our court found the district court erred, "the appeal will be retained, and the parties will be ordered to submit briefs on the substantive issues."

During the *Ortiz* hearing, Fornoff claimed ineffective assistance of counsel was the reason for his untimely appeal. He acknowledged that at the probation revocation hearing, the district court informed him that he had 14 days to appeal the revocation of his sentence. He testified that, while briefly in the courtroom after the revocation hearing, he did not advise Tecchio-Baseley that he wanted to appeal. According to Fornoff, after the probation revocation hearing, he was transported to the Bourbon County Jail, and

3

while there, he "immediately" decided that he wanted to appeal. However, Fornoff testified that while in jail, he attempted to reach Tecchio-Baseley via telephone twice without success. He explained that he could only make collect calls from the jail, no one at Tecchio-Baseley's office accepted the charges, and he was unable to leave a message. Fornoff testified that he made every reasonable effort to contact Tecchio-Baseley to advise her that he wished to file an appeal. He said that he was "learning" about the process as he was going through it while also "dealing with the emotional side of it all." He added, "When it comes down to writing these letters, I will put it off."

For her testimony, Tecchio-Baseley said she prefers to communicate with clients through letters, and she did not receive any letters from Fornoff while he was in jail, even though she has received letters from other inmates incarcerated there. Both Tecchio-Baseley and Fornoff agreed they did not communicate prior to his transfer to the Kansas Department of Corrections (KDOC).

While incarcerated at KDOC, Fornoff was given paper and envelopes, whereupon he wrote to the district court asking for clarification regarding the sentences the district judge pronounced from the bench. Fornoff testified that he did not specifically say he wanted to appeal in the letter because he was "unaware of what to do." The district court sent a copy of the letter to Tecchio-Baseley.

Upon receipt of the copy of the letter, Tecchio-Baseley mailed a letter to Fornoff on November 8, 2023, that enclosed a copy of Fornoff's letter to the judge and stated in relevant part, "I have received no voicemails or written letters from you." In response to the sentencing inquiries made in his letter, Tecchio-Baseley clarified that the sentences of two consecutive terms of 68 months' imprisonment imposed at the probation revocation hearing were identical to the terms of imprisonment pronounced during Fornoff's original sentencing. She also included in her letter journal entries of Fornoff's sentencing and parole revocation hearings in both cases.

4

Lastly, Tecchio-Baseley testified that during her representation, Fornoff never mentioned a desire to appeal. She testified that the first time the subject of an appeal came up was a year after the revocation hearing when the Appellate Public Defender's office asked if she knew "of any valid reason for an appeal out of time to which I replied to them I do not."

Following the presentation of evidence, the district court denied Fornoff's motion to appeal out of time. In particular, the district court ruled the first time the court or Tecchio-Baseley became aware of Fornoff's intent to appeal was on August 8, 2024—almost one year after the probation revocation hearing. The district court confirmed that at that hearing Fornoff was advised of his right to appeal and to have appointed appellate counsel, yet he failed to file a notice of appeal or request to file an appeal out of time until nearly one year later. The district court ruled that Fornoff "failed to prove his attorney was deficient in her performance and that her representation fell below an objective standard of reasonableness after this Court considered the totality of the circumstances." Moreover, according to the court, Fornoff did not "assert any recognized exceptions to the law that applies to the timely filing of an appeal from the revocation of probations."

Fornoff timely appeals.

### THE DISTRICT COURT DID NOT ERR IN FINDING THE THIRD *ORTIZ* EXCEPTION DID NOT APPLY TO PERMIT FORNOFF'S UNTIMELY NOTICE OF APPEAL

On appeal, Fornoff contends that Tecchio-Baseley failed to consult with him regarding an appeal of his probation revocation. Fornoff argues that his counsel's performance was not only ineffective, it was also prejudicial because, although he wanted to appeal, he was unable to because he filed his notice out-of-time. Under these

circumstances, Fornoff claims the district court erred by not applying the third *Ortiz* exception to allow the untimely filing of his appeal.

The State counters that the district court's ruling was legally correct and supported by substantial competent evidence. In particular, the State asserts that Fornoff failed to show the applicability of the third *Ortiz* exception to justify the untimely filing of his notice of appeal.

The timely filing of a notice of appeal is a jurisdictional predicate for appellate review of an adverse district court judgment. *State v. Shelly*, 303 Kan. 1027, 1036, 371 P.3d 820 (2016). A district court's ruling regarding whether an *Ortiz* exception applies to allow the untimely filing of an appeal is reviewed under a dual standard. An appellate court reviews the facts underlying the district court's ruling for substantial competent evidence. The legal conclusion made by the district court as to whether the exception applies is reviewed de novo. *State v. Collins*, 320 Kan. 211, 216, 564 P.3d 393 (2025).

Under K.S.A. 22-3608(c), defendants generally have 14 days after the district court's judgment to appeal, and later appeals will be dismissed for lack of jurisdiction. See *Shelly*, 303 Kan. at 1035-36. Kansas recognizes three exceptions to this general rule. A defendant may file a notice of appeal out of time when he or she (1) was not informed of the right to appeal; (2) was not furnished with an attorney to perfect an appeal; or (3) was furnished with an attorney who failed to perfect and complete an appeal. *Ortiz*, 230 Kan. at 735-36. Under the circumstances of this case, Fornoff does not contend the first two exceptions apply.

Fornoff claims that after the probation revocation hearing, Tecchio-Baseley failed to perfect and complete a timely appeal, thus implicating the third *Ortiz* exception. The third *Ortiz* exception focuses on whether the defendant's lawyer performed "up to a minimum constitutional standard once that assignment is made." *State v. Patton*, 287

6

Kan. 200, 223-24, 195 P.3d 753 (2008). Under this standard, a "defendant must establish two things: first, that counsel's performance was deficient, and second, that counsel's deficient performance prejudiced the defense." 287 Kan. at 224.

The seminal case discussing the parameters of ineffective assistance of counsel in the context of the third *Ortiz* exception is found in the United States Supreme Court case of *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). In that case, the *Flores-Ortega* court rejected a "bright-line rule that counsel must always consult with the defendant regarding an appeal" and proposed a more nuanced analysis. 528 U.S. at 479-80.

Under the *Flores-Ortega* analysis, an attorney's failure to consult a defendant about an appeal constitutes deficient performance if there is a constitutional duty to consult. A constitutional duty to consult a defendant about an appeal arises when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. at 480. In considering this question, "courts must take into account all the information counsel knew or should have known." 528 U.S. at 480.

Regarding this second aspect of the *Flores-Ortega* test of ineffective assistance, the record shows that Fornoff did not communicate in person or in writing to Tecchio-Baseley about an appeal in a timely manner. In fact, Tecchio-Baseley testified that the first time the word "appeal" was mentioned after the conclusion of the probation revocation hearing was when the appellate defender's office contacted her about a year after the deadline expired. In short, Fornoff has failed to show he demonstrated to Tecchio-Baseley an interest in appealing his probation revocation. Moreover, Fornoff did not brief the argument that Tecchio-Baseley had a duty to consult based on his demonstrations that he wished to

7

appeal. Thus, that portion of the *Flores-Ortega* test has been waived. See *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021) (issues not adequately briefed are considered waived or abandoned).

Fornoff's argument on appeal focuses on the first aspect of the *Flores-Ortega* test—whether a rational defendant would want to appeal. This argument posits: "Because imposition of [Fornoff]'s prison sentence resulted from a contested probation revocation hearing, he logically might wish to appeal that decision. As a result, Tecchio-Baseley knew or should have known that . . . [she] had a constitutional duty to consult with him about an appeal." Additionally, Fornoff asserts that he satisfied this facet of the *Flores-Ortega* test because he "could appeal the revocation of his probation regardless of whether he was likely to succeed."

This first aspect of the *Flores-Ortega* test provides that "the better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal," but the Supreme Court declined to say, "as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient." 528 U.S. at 479. In those cases wherein counsel failed to consult with the defendant about the possibility of an appeal, the Supreme Court has instructed that "[o]nly by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal . . . ." 528 U.S. at 480. See *Shelly*, 303 Kan. at 1042.

In *Flores-Ortega* the Supreme Court provided an example of the sort of circumstances where counsel's failure to consult would not constitute ineffective assistance of counsel:

> "For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant

8

expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is 'professionally unreasonable,' [*Strickland v. Washington*, 466 U.S. 668, 691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], as a constitutional matter, in not consulting with such a defendant regarding an appeal." *Flores-Ortega*, 528 U.S. at 479.

Turning to the present case, several reasons support the conclusion that the district court did not err in concluding that Fornoff failed to show that Tecchio-Baseley provided ineffective assistance by not consulting with him about filing an appeal.

First, Fornoff's appellate argument is speculative. Given that the revocation of probation occurred at the conclusion of an evidentiary hearing, Fornoff suggests that he "logically might wish to appeal that decision." This assertion lacks reason and is conjectural. Moreover, neither Kansas nor federal caselaw has held that the mere fact that an evidentiary hearing resulting in a probation revocation occurred constitutes a sufficient basis to conclude that a rational defendant would necessarily have a nonfrivolous basis to appeal under *Flores-Ortega.*

Additionally, the probation revocation hearing was hardly contested. Fornoff did not testify at the hearing or deny the factual basis undergirding his numerous probation violations that were established by the only witness at the hearing, his probation officer, McCall. Tecchio-Baseley also did not challenge or object to evidence of the probation violations. Quite simply, Fornoff's characterization on appeal that the hearing was "contested" is an overstatement. The thrust of Tecchio-Baseley's representation at the hearing was not to contest the facts of the numerous probation violations but to persuade the district court to exercise its discretion and extend Fornoff's probation with special conditions because "addiction, especially something like methamphetamine, is very hard to overcome."

There is a second basis to support the district court's ruling. In Fornoff's letter to the district court, he did not complain of any nonfrivolous appellate issue relating to the probation revocation hearing, only that he was unsure about the sentence imposed by the court at the conclusion of the hearing:

> "But my reason is I thought I heard you sentence me to 2 [] 36 month sentences that day but [upon] arriving here at RDU I see that my sentence is 136 months in fact I don't know if there's been some mistake or I heard you wrong[.] I [j]ust want clarification on this so I know a mistake isn't costing me extra years in [j]ail."

In Tecchio-Baseley's letter to Fornoff, she responded to his letter and noted the controlling sentence imposed at the probation revocation hearing was identical to the controlling sentence originally imposed at Fornoff's sentencing. She wrote:

> "Please understand that you heard the Judge wrong at sentencing. While I appreciate that you want your sentence to be shorter than it is, the sentence has not changed from when it was originally imposed. As you can see on the original sentencing Journal Entry from March 2023, you were sentenced to 68 months per case. . . .
> "At the evidentiary Probation Violation hearing, the Judge found that you did violate your probation and imposed the original sentence of 68 months per case for a total of 136 months."

It should be noted that Fornoff did not appeal his original controlling sentence of 136 months, and at the probation revocation hearing, the district court did not alter the length of that sentence. Fornoff's concern about the probation revocation hearing was not that there was a nonfrivolous basis for appeal but only that he was uncertain whether he had correctly heard the district court's pronouncement of sentence.

Third, at the *Ortiz* hearing, Fornoff was vague regarding any nonfrivolous issues he wanted to appeal. In response to a question about whether he wrote Tecchio-Baseley

10

about his reasons for an appeal, Fornoff testified, "No. But . . . I got questions. Just that I got questions about stuff." To similar questions about his reasons for appeal, Fornoff repeated that he had "questions about the appeal . . . about the hearing," and "just wanted certain things to come out that are facts."

Finally, given that the ineffective assistance analysis requires courts to consider "all the information counsel knew or should have known," Tecchio-Baseley's knowledge about the facts of Fornoff's case is relevant. *Flores-Ortega*, 528 U.S. at 480. The fact that Fornoff's conviction followed a guilty plea is "highly relevant" because it "reduces the scope of potentially appealable issues . . . ." *Flores-Ortega*, 528 U.S. 480. Tecchio-Baseley also knew that Fornoff was granted probation as a dispositional departure. In her letter to Fornoff, she emphasized that he was aware of the adverse consequences of violating his probation:

> "You were granted a departure and a chance at probation . . . . Having practiced in front of Judge Ward for quite a while, I have no doubt that he explained to you what was at stake if you violated the terms and conditions of your probation. I am also sure that your original attorney explained that to you, as well as your probation officer."

Tecchio-Baseley's assessment was correct. At sentencing, the district judge admonished Fornoff because he was granted a departure in both cases, stating, "If you come back in on a motion to revoke your probations and I revoke them, you go to prison." The district judge also explained to Fornoff that he was not entitled to graduated sanctions due to the departure sentences. See K.S.A. 22-3716(c)(7); *State v. Tafolla*, 315 Kan. 324, Syl. ¶ 2, 508 P.3d 351 (2022).

Despite these admonitions, while on probation, Fornoff admitted to or tested positive for methamphetamine use several times in the spring of 2023, which resulted in jail sanctions. After he was admitted to inpatient drug treatment on May 28, 2023, he left

against medical advice on June 1, 2023. During those three days, Fornoff was written up on four occasions for violating rules of the facility.

At the probation revocation hearing, the district court made factual findings of the numerous ways Fornoff violated his probation, including serving several jail sanctions for using methamphetamine, failing to report to his supervising probation officer or adult coordinator services as directed, and failing to complete his program at the addiction treatment center. The district judge admonished Fornoff, "I gave you that chance, which by law, I wasn't supposed to but I did. And you blew that opportunity to stay clean and to successfully complete probation." The district court concluded that "[Fornoff] has violated conditions of probation in both cases." Under these circumstances, given the district court's findings of fact and conclusions of law, Tecchio-Baseley would have no reason to believe that Fornoff was interested in an appeal of any nonfrivolous appellate issues.

In summary, Tecchio-Baseley knew at the probation revocation hearing that the evidence of Fornoff's violations was apparent, substantial, and uncontroverted. The district court, probation officer, and prior defense counsel had admonished Fornoff regarding the severe consequences that would result from any probation violation. Yet, the unequivocal evidence showed that Fornoff repeatedly violated a variety of important probation conditions. Given the district court's broad discretion in considering whether to revoke probation, Tecchio-Baseley appropriately concluded there were no nonfrivolous issues to appeal and provided the most effective representation available—to argue for leniency because of Fornoff's addiction to methamphetamine.

Fornoff has failed to show the district court erred. As the appellant, Fornoff was required to show that Tecchio-Baseley's performance was deficient because a rational defendant would have wanted to appeal the district court's decision. *Patton*, 287 Kan. at 224. Based on this record, however, Fornoff has not shown that a rational defendant

would have wanted to appeal the revocation of his probation. Moreover, given Fornoff's dispositional departures and the substantial competent evidence of multiple sanctions and repeated probation violations, there is no showing that the district court erred in abusing its discretion in revoking probation. See *Tafolla*, 315 Kan. at 331-33 (district courts have legal authority to bypass intermediate sanctions and revoke probation when it is granted as dispositional departure under K.S.A. 22-3716[c][7]).

Accordingly, Fornoff has not shown that Tecchio-Baseley's performance was deficient by failing to consult her client when a rational defendant would want to appeal. Because Tecchio-Baseley did not deficiently perform her duties as counsel by failing to consult with Fornoff, we decline to consider the next step in the *Flores-Ortega* test— whether any deficient performance prejudiced the defendant. *Flores-Ortega*, 528 U.S. at 481.

Upon review, there is substantial competent evidence to support the district court's legal conclusions that Fornoff failed to show the third *Ortiz* exception applied to allow the untimely filing of his appeal. See *Collins*, 320 Kan. at 216. Accordingly, we find no error in the district court's ruling, and the appeal is dismissed.

LACK OF JURISDICTION TO REVIEW FORNOFF'S JAIL TIME CREDIT CLAIM

Fornoff argues for the first time in this appeal that the district court erred in applying jail credits to his case based on *State v. Ervin*, 320 Kan. 287, 311-312, 566 P.3d 481 (2025). He asserts our court may review the issue for the first time on appeal because the issue is only a question of law arising on proven facts and review is necessary to prevent the denial of a fundamental right.

The State counters that Fornoff's jail credit argument is outside the scope of appealable issues based on our court's amended order remanding the case for an *Ortiz*

13

hearing. Fornoff replies that our remand order "only limited [Fornoff's] ability to challenge the underlying issues in the case for which the *Ortiz* remand was required—specifically the revocation of his probation. It did not limit this Court's *jurisdiction* to consider other arguments related to [Fornoff's] case."

Whether jurisdiction exists is a question of law subject to unlimited appellate review. *State v. Hillard,* 315 Kan. 732, 775, 511 P.3d 883 (2022).

Upon receipt of the parties' responses to the show cause order, our Court issued an amended order that remanded the case to the district court for a limited purpose—to determine the applicability of the *Ortiz* exception. That remand was explicit and comprehensive regarding the further conduct of the case:

> "We remand this case to the district court for a determination of whether case law exceptions to the requirement of a timely filed notice of appeal apply. See *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982); *State v. Cook*, 12 Kan. App. 2d 309, 741 P.2d 379, *rev. denied* 242 Kan. 904 (1987).
>         . . . .
>         "If Appellant pursues an appeal after an adverse decision from the remand, the only appealable issue is whether the district court erred in determining that the *Ortiz* exceptions did not apply. *If we determine that the district court did not err, the appeal will be dismissed for lack of jurisdiction.* But if we find error, the appeal will be retained, and the parties will be ordered to submit briefs on the substantive issues. Such briefing will be expedited, with neither party receiving extensions of time to file a brief. The appeal will then proceed as any other appeal." (Emphasis added.)

Fornoff's reading of our amended order—which controlled the further proceedings of his appeal—ignores our court's plain language. By our amended order, we held that, in the event the district court did not err, the appeal would be dismissed for lack of jurisdiction. Fornoff did not object to, challenge, or appeal the amended order. We have now held the district court did not err in denying Fornoff's motion to file an untimely

14

appeal because the third *Ortiz* exception did not apply to permit the untimely filing. Absent the applicability of an *Ortiz* exception, Fornoff's untimely appeal must be dismissed for lack of jurisdiction. See K.S.A. 22-3608(c).

Given our holding affirming the district court's *Ortiz* ruling and the explicit language in our amended order, we are without an independent jurisdictional basis to review Fornoff's jail time credit claim.

Appeal dismissed.